IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENNETH JOHNSON,

        Plaintiff,

v.                                                        No. 04-2587-B

McKESSON CORPORATION and
JEFF ADAMS, jointly and severally,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is the July 6, 2005 motion of the Defendants, McKesson Corporation (hereafter "McKesson") and Jeff Adams (hereafter "Adams") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Plaintiff, Kenneth Johnson, commenced his action against these Defendants for claims arising out of his employment with McKesson. He basically contends that he was discriminated against based on his race in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. and that he was subjected to a hostile environment based upon race in violation of Title VII. Under the Local Rules of this district, a party has thirty days within which to respond to a motion to dismiss. See Local Rule 7.2(a)(2). Based upon the fact that no timely response was forthcoming, this Court entered an order on August 25, 2005 directing the Plaintiff to show cause why the Defendants' motion for summary judgment should not be granted. Although Johnson is represented by counsel, on September 6, 2005, a pleading filed by Plaintiff himself entitled "Motion for Summary Judgment in Favor of the Plaintiff" was presented to the Court. This pleading essentially restated the claims set forth in Plaintiff's complaint and included copies of correspondence between the Plaintiff and his attorney, notes apparently handwritten by the Plaintiff, a separation notice concerning the Plaintiff from McKesson, as well as other documents related to Plaintiff's employment with the Defendant.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-21-05



Inasmuch as Johnson had been, and apparently continued to be, represented by counsel, the Court conducted a status conference with the parties on September 14, 2005, at which appeared Johnson and counsel for both parties. The Court made inquiry of why Johnson's counsel had not submitted a formal response to the Defendants' motion or to the show cause order. Without desiring to go into conversations between the Plaintiff's counsel, Joree G. Brownlow, and her client, Johnson's attorney indicated that she did not want to submit anything that might be construed as a frivolous position. However, upon questioning by the Court as to why nothing other than Johnson's pro se pleading was filed, Plaintiff's counsel offered no explanation. Defense counsel argued that the Court should dismiss the case based on the Plaintiff's failure to comply with the show cause order. However, upon consideration of the status of this case, and the fact that a trial was scheduled to begin on October 3, 2005, the Court determined that Plaintiff's pro se filing of September 6 would be construed as a response to the show cause order and that the Court would consider the Plaintiff's submission as part of the record in determining whether the Defendants' motion should be granted.

Rule 56 states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. Summary judgment must be entered "against

2

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S.Ct. at 2552. In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F.Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). The "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of discrimination, a plaintiff may withstand a motion for summary judgment in a Title VII case by presenting circumstantial evidence utilizing the evidentiary framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), from which a jury could draw an inference of discriminatory motive. See Seay v. Tennessee Valley Auth., 339 F.3d 454, 463 (6th Cir. 2003). Under the McDonnell Douglas/Burdine analysis, Johnson must show that he (1) is a member of a protected class; (2) was subject to an adverse employment action or was discharged; (3) was qualified for his position; and (4) was replaced by persons outside the protected class. Vaughn v. Watkins Motor Lines, Inc., 291 F.3d 900, 906 (6th Cir. 2002); see also McDonnell Douglas Corp., 411 U.S. at 802, 93 S.Ct. at 1824. In disparate treatment cases, the fourth element may be satisfied by a showing that similarly situated employees not belonging to a protected class were treated more favorably. Policastro v. Northwest Airlines, Inc., 297 F.3d 535, 539 (6th Cir. 2002), reh'g and suggestion for reh'g en banc denied (Oct. 2, 2002); Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992).

Once the plaintiff has established a prima facie case of discrimination, the burden shifts to

3

the employer to produce a legitimate, non-discriminatory reason for its actions. McDonnell Douglas Corp., 411 U.S. at 802, 93 S.Ct. at 1824. If the employer carries its burden of production, the presumption raised by the plaintiff's prima facie case is rebutted. A plaintiff must then prove, by a preponderance of the evidence, that the employer's stated reasons for the employment action were a pretext for discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 518-19, 113 S.Ct. 2742, 2753-54, 125 L.Ed.2d 407 (1993). A plaintiff may show pretext by presenting evidence that the defendant's stated reason had no basis in fact, did not actually motivate the decision, or was not sufficient to motivate the employer's action. See Manzer v. Diamond Shamrock Chem. Co. 29 F.3d 1078, 1084 (6th Cir. 1994), reh'g and suggestion for reh'g en banc denied (Sept. 22, 1994). The ultimate burden of persuasion remains at all times with the plaintiff. Burdine, 450 U.S. at 253, 101 S.Ct. at 1093.

A plaintiff may also establish a violation of Title VII by proving that discrimination based on race created a hostile or abusive work environment. Valentine-Johnson v. Roche, 386 F.3d 800, 813 (6th Cir. 2004). In order to prevail, Johnson must show that "(1) [he] is a member of a protected class; (2) [he] was subject to [harassment]; (3) the harassment was based on [his race]; (4) the harassment unreasonably interfered with [his] work performance and created a hostile work environment; and (5) [the employer] knew or should have known of the charged [racial] harassment and failed to implement prompt and appropriate corrective action." Id. at 813-14.

The Defendants assert that Defendant Adams cannot be held individually liable under Title VII. The law in this Circuit is clear that an individual "who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII." Little v. BP Exploration and Oil Co., 265 F.3d 357, 362 (6th Cir. 2001). Thus, as there is no evidence to suggest that Adams was Johnson's employer, he cannot be held liable individually under Title VII. Id. Accordingly, the claim against Defendant Adams is DISMISSED.

Returning to the accusations against McKesson, the Defendants submit that Johnson has

4

presented no credible evidence to support his claims of racial harassment and that McKesson as a corporate employer has presented a legitimate, nondiscriminatory basis for Plaintiff's termination--specifically, job abandonment--for which Johnson has presented nothing to indicate was based on pretext. According to the memorandum along with the affidavits and deposition testimony of the Plaintiff presented by the Defendants, Johnson was hired by McKesson, which is a wholesale distributor of pharmaceuticals and over-the-counter sundries, on or about September 2, 2001. The employer maintained an attendance policy which required employees who were going to be late or absent to first speak with their supervisor. Specifically, McKesson had a policy which stated that absences of three occasions or six tardies or any combination thereof in any ninety day rolling period was unacceptable. According to the Defendants, between January 1, 2003 and July 22, 2003, the Plaintiff was absent from work a total of fifty-two times. On July 22, 2003, a straight-line wind storm struck Memphis, Tennessee and Plaintiff did not appear for work on that date although he did advise his supervisor that he would be absent. Likewise, Johnson advised his supervisor, Jeff Adams, that he would not be at work on July 23 or 24. When Johnson went to his employer's facility on July 24 to obtain his paycheck, he did not speak to any supervisors about additional absences from work. On July 25, 28 and 29, Plaintiff did not show up for work and did not call in to report his absences. As a result, McKesson's operations manager, Jay Newman, sent a letter to the Plaintiff admonishing him that he had not contacted his supervisor regarding his lack of attendance on July 29. He further advised Johnson that he would be terminated if he did not report to work on July 30. Again, according to the Defendant, Plaintiff did not report to work on July 30 and did not advise his supervisor that he would be absent.

On July 31, the employer's Assistant Distribution Center Manager, Pedro Riano, telephoned Plaintiff and directed him to appear at work that evening or again he might lose his job. The Plaintiff neither complied with that directive nor called his supervisor to report his absence. Likewise, Johnson did not report to work or report on August 1. As a result of these absences, McKesson

terminated Plaintiff on August 1, 2003, based upon what Defendant perceived as his voluntary resignation.

The Plaintiff alleged that he was the subject of racial harassment by his supervisor, Defendant Adams, however, he admitted in his deposition that he never heard Adams use a racial slur or any type of insensitive comment. Basically, the Plaintiff only surmised that Adams' conduct towards him was racial in nature. The Plaintiff conceded that he had no basis other than speculation that this was the reason. In another meeting with Adams and two other managers of Defendant, there was never any use of a racial epithet and in fact nothing about race was even mentioned at the meeting. Because the Plaintiff cannot present any evidence, direct or circumstantial that Adams' conduct towards him was racially motivated, Plaintiff is unable to establish one of the elements of a prima facia case of discrimination.

In addition, the Plaintiff is unable to show that the reason for Plaintiff's termination, job abandonment, was pretextual. As noted previously, Plaintiff is unable to point to anything said or done by a supervisor or others to reflect any racially motivated actions towards Johnson. As well, the Defendant has presented excessive absenteeism as a basis for termination, which does constitute a legitimate non-discriminatory reason for Plaintiff's discharge. See e.g., Starks-Umojav v. Federal Express Corp., 341 F.Supp.2d 979, 995 (W.D. Tenn. 2003); Gann v. Chevron Chemical Co., 52 F.Supp.2d 834, 842 (E.D. Tenn. 1999). Plaintiff simply has presented nothing other than rumor and surmise to suggest that discrimination played any part in McKesson's decision to terminate him. Such evidence, without more, will not provide sufficient evidence to establish a claim for discrimination. See Mitchell v. Toledo Hospital, 964 F.2d 577, 585 (6th Cir. 1992).

In his pro se submission, the Plaintiff simply makes unsubstantiated claims that other witnesses might testify that he was discriminated against but they were concerned about their jobs with the Defendant. Although Plaintiff presents an argument that the storm which hit Memphis placed him in a difficult situation because of his housing, he has submitted nothing to refute the

6

legitimate reason for the Defendant's termination, that is unexcused and unauthorized absences from his work. Because Plaintiff has presented no factual proof that would refute the Defendant's reason for his termination, his claims against McKesson must also be DISMISSED.

Based on the foregoing, the motion of the Defendants for summary judgment is hereby GRANTED. Further, any outstanding motions pending are DENIED as moot and the trial of this matter is removed from the Court's calendar. The Clerk of Court is directed to enter judgment for the Defendants.

IT IS SO ORDERED this 21st day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 2:04-CV-02587 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Joree Brownlow
LAW OFFICE OF JOREE G. BROWNLOW
1444 Gillham Dr.
Ste. 200
Bartlett, TN 38134

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT